UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>IZIAHA TISDALE,<br><br>Defendant. | Criminal No. 4:23cr17 |

## ORDER

Pending before the Court is a Motion to Dismiss (the "Motion") by Defendant Iziaha Tisdale. ECF No. 17. The question before the Court is whether 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms, is constitutional after the Supreme Court's recent decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). Having fully considered the arguments and the materials before the Court, for the reasons stated below, the Court concludes that Section 922(g)(1) is constitutional, and the Motion (ECF No. 17) is **DENIED**.

### I. BACKGROUND

On March 13, 2023, Defendant was named in a single-count Indictment charging him with Prohibited Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Indictment, ECF No. 1. Prior to this matter, Defendant had been

convicted of multiple non-violent felonies.[1] Mot. Dismiss at 1, ECF No. 17; Resp. Opp'n at 2–3, ECF No. 19.

On August 16, 2023, Defendant filed a Motion to Dismiss. ECF No. 17. The Court requested expedited briefing based on the impending trial date. ECF No. 18. On August 25, 2023, the Government filed a Response in Opposition to the Motion. Resp. Opp'n, ECF No. 19. Defendant filed a Reply on August 28, 2023. ECF No. 21. The Motion is now ripe for adjudication. The Court has determined that a hearing on the Motion is unnecessary, as the issues for decision are adequately presented in the briefs. *See* E.D. Va. Local Crim. R. 47(J).

## II. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12, a district court should dismiss criminal charges in an indictment "where there is an infirmity of law in the prosecution," such as when the statute charged is unconstitutional. *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012) (internal quotation marks and citation omitted); *see also United States v. Riley*, 635 F. Supp. 3d 411, 416 (E.D. Va. 2022) (internal citations omitted) (holding that an indictment, or part thereof, "may be dismissed on the grounds that it is premised on the defendant's alleged violation of an unconstitutional statute").

Here, Defendant's Motion is based on his assertion that Section 922(g)(1) is facially unconstitutional. "A facial challenge to a legislative Act is, of course, the most

---

[1] Specifically, Defendant had four grand larceny convictions in 2017 and 2019, an attended vehicle hit-and-run in 2019, and three felony probation revocations in 2019 and 2020. Resp. Opp'n at 2, ECF No. 19.

difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987).

## III. ANALYSIS

Defendant asserts that Section 922(g)(1) is facially unconstitutional following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). Section 922(g)(1) provides in relevant part as follows: "It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm . . . ." 18 U.S.C. § 922(g)(1).

Defendant reads *Bruen* to have transformed how a court addresses modern day gun control statutes by focusing on the historical foundations of each challenged statute. *See* Mot. at 4–5, ECF No. 17. He argues that *Bruen* supplanted the previous means-end balancing test for gun control statutes with a "text-and-history standard[,]" which requires the Government to show that the statute is "consistent with this Nation's historical tradition of firearm regulation." *Id.* at 4 (quoting *Bruen*, 142 S. Ct. at 2129–30, 2138) (internal quotation marks omitted). Under the new standard, Defendant asserts that Section 922(g)(1) is unconstitutional because (1) the Second Amendment's plain text does not differentiate between convicted felons and other members of "the people," meaning Section 922(g)(1) presumptively violates the Second Amendment, and (2) there is no historical tradition of firearm regulation similar

3

to Section 922(g)(1). *Id.* at 7–12. Defendant also argues that this Court is not bound to the Supreme Court's assertion in *District of Columbia v. Heller*, 544 U.S. 570 (2008), that certain statutes, including felon in possession laws, are "presumptively lawful," because those comments are dicta and, in any case, discredited in the wake of *Bruen*. *Id.* at 12–14.

The Government, in turn, argues that Section 922(g)(1) proscribes conduct outside the scope of the Second Amendment and is sufficiently analogous to historical regulations to be deemed longstanding. Resp. Opp'n at 10, ECF No. 19. In particular, the Government emphasizes that binding Fourth Circuit precedent requires denial of this Motion and that *Bruen* did not disrupt the prior consensus that felon in possession laws are constitutional. *Id.* at 11 (discussing *United States v. Moore*, 666 F.3d 313, 316–17 (4th Cir. 2012), and *United States v. Pruess*, 703 F.3d 242, 247 (4th Cir. 2012)). But even if *Bruen* were read broadly, the Government argues that felon in possession laws comport with the plain text of the Second Amendment, because the words "the people" found therein have historically been understood not to include felons. *Id.* at 14–17. Moreover, the Government maintains that in applying the *Bruen* historical test to Section 922(g)(1), the relevant history behind the adoption of the Second Amendment reveals a tradition of disarming individuals who pose a risk to society. *Id.* at 17–21.

The Court agrees with the Government's reasoning and finds that Section 922(g)(1) does not violate the Second Amendment. This decision is in line with this Court's prior decisions in *United States v. Spencer*, No. 2:22cr106, 2022 WL 17585782

(E.D. Va. Dec. 12, 2022), and *United States v. Wilkerson*, No. 2:22cr152 (E.D. Va. May 2, 2023), and with decisions from other courts in this district. *See Riley*, 635 F. Supp. 3d at 419–28; *United States v. Finney*, No. 2:23cr13, 2023 WL 2696203, at *2–4 (E.D. Va. Mar. 29, 2023). As discussed in this Court's order in *Spencer*, this Court finds it "unnecessary" to engage in the historical analysis test articulated in *Bruen* as to Section 922(g)(1) and concludes that *United States v. Moore*, 666 F.3d 313 (4th Cir. 2012) and *United States v. Pruess*, 703 F.3d 242 (4th Cir. 2012) remain good law. 2022 WL 17585782, at *3–4 (citing *Riley*, 635 F. Supp. 3d at 424, and *United States v. Price*, 635 F. Supp. 3d 455, 466 (S.D.W. Va. 2022)). This Court declines to discuss the issue further in this Order and adopts in full the reasoning on the same issue previously set forth in its order in *United States v. Spencer*, cited *supra*.[2]

## IV.   CONCLUSION

For the forgoing reasons, the Motion to Dismiss (ECF No. 17) is **DENIED**. The Clerk is **REQUESTED** to forward a copy of this Order to all counsel of record.

---

[2] In *Range v. Attorney General United States of America*, an *en banc* panel of the Third Circuit held that Section 922(g)(1) was unconstitutional as applied to the plaintiff in that case because the Nation's historical tradition of firearm regulation did not support depriving that plaintiff of his Second Amendment right to possess a firearm. *Range v. Att'y Gen. U.S.*, 69 F.4th 96, 106 (3d Cir. 2023). This Court does not find *Range* persuasive here and respectfully declines to follow its reasoning. As discussed in *Riley*, "*Bruen* cannot be read to countenance a presumptive unfettered right to bear firearms for previously convicted felons." 635 F. Supp. 3d at 423.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

August 30, 2023
Norfolk, Virginia